IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SOUTHPORT TELEDATA, INC., | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| NOVA CONTACT CENTER | : | |
| PLATFORMS, INC., et al., | : | |
| Defendants. | : | NO.  05-0030 |

MEMORANDUM AND ORDER

PRATTER, J.                                                                                                                        NOVEMBER 6, 2006

Plaintiff Southport Teledata Systems, Inc. ("Southport") alleged that Defendants Nova Contact Center Platforms, Inc. and Nova CTI (collectively, "Nova") breached a telemarketing contract by failing to pay for the services provided by Southport.  Following a bench trial, the Court entered judgment in favor of Southport.  Nova then filed a Motion for a New Trial pursuant to Federal Rule of Civil Procedure 59(a)(2) or, in the alternative, a Motion to Amend Findings of Fact and Conclusions of Law pursuant to Federal Rule of Civil Procedure 52(b).  In response, Southport filed a Motion to Strike Nova's Motion.

The breach of contract action centered on the nature of Southport's performance obligations under the contract among the parties.  The Court found that Southport demonstrated by a preponderance of the evidence that Southport properly performed its obligations under the Service Agreement and the addenda (Conclusion of Law ¶ 25), and, therefore, Nova was required to pay Southport as provided by the agreement.  Nova takes issue with the Court's Findings of Fact and Conclusions of Law, arguing that the Court failed to give sufficient weight to testimony and evidence favoring Nova, while erroneously crediting testimony and evidence favoring

Southport.

Rule 52 states that "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge . . . the credibility of the witnesses." FED. R. CIV. P. 52(a).  In essence, Nova disagrees with the Court's assessment of the witnesses' testimony and of the interrelationship of the operative documents as well as the Court's interpretation of the contractual agreements in question.  While making its dissatisfaction obvious, Nova fails to point to any evidence making the Court's factual findings "clearly erroneous."[1]  Determining the weight and credibility of the evidence is the special province of the trier of fact, and, "unless an appellate court is left with the definite and firm conviction that a mistake has been committed, it must accept the trial court's findings."  Inwood Laboratories, Inc. v. Ives Laboratories, Inc., 456 U.S. 844, 855, 856 (1982) (internal quotation marks and citation omitted).  The Court will not disturb its judgment here merely because, not surprisingly, Nova would have weighed the evidence differently.

For the foregoing reasons, Nova's Motion for New Trial and Motion to Amend Findings of Fact and Conclusions of Law are denied.  An appropriate Order consistent with this Memorandum follows.

---

[1] The Court recognizes that, as noted by the Supreme Court, "if the trial court bases its findings upon a mistaken impression of applicable legal principles, the reviewing court is not bound by the clearly erroneous standard." Inwood Laboratories, Inc. v. Ives Laboratories, Inc., 456 U.S. 844, 855 n.15 (1982) (citing United States v. Singer Manufacturing Co., 374 U.S. 174, 194 n.9 (1963)).  In this instance, however, Nova does not dispute the Court's application of legal principles.  Nova's allegations of "clearly erroneous conclusions of law" stem from its disagreement with the Court's factual findings, not its application of the relevant law.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SOUTHPORT TELEDATA, INC., | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| NOVA CONTACT CENTER | : | |
| PLATFORMS, INC., et al., | : | |
| Defendants. | : | NO. 05-0030 |

**O R D E R**

AND NOW, this 6th day of November 2006, upon consideration of Defendants' Motion for New Trial or to Amend Findings of Fact and Conclusions of Law (Docket No. 39) and Plaintiff's Motion to Strike Defendants' Motion for New Trial (Docket No. 41), it is hereby ORDERED that:

1. Defendants' Motion for New Trial is DENIED;

2. Defendants' Motion to Amend Findings of Fact and Conclusions of Law is DENIED;

3. Plaintiff's Motion to Strike is MOOT; and

4. Defendants shall pay pre-judgment interest as calculated by Plaintiff.[2]

IT IS FURTHER ORDERED that the Clerk of Court shall close this case statistically.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[2] Twelve thousand two hundred seventeen dollars and fifty-two cents ($12,217.52).